[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS
In this civil action, the plaintiffs, in remarkably prolix pleadings, have alleged generally that the Town of Simsbury's Eno Farms development for low income housing has been wrongfully created, marketed and managed. Claiming that they have been damaged, the plaintiffs sought monetary and injunctive relief. The defendants Town of Simsbury and Robert Heagney, allegedly a former selectman of the town and a member of the Simsbury Housing Partnership, have moved to dismiss the First Count of the complaint for lack of subject matter jurisdiction. CT Page 6455
The first count is directed only against the Town of Simsbury. In the original complaint, dated August 26, 1997, the plaintiffs allege a detailed chronology of the Eno Farms development, which apparently originated as a result of a charitable trust from Amos Eno. Various paragraphs allege the creation of a number of intermediary entities which have developed, marketed and managed the project in contravention of the terms of the trust; additionally, a number of other activities such as deceptive marketing and misrepresentations are alleged. It appears to this court that the paragraph which is intended to state the precise cause of action is paragraph 22, which alleges the breach of a fiduciary duty, "failure to be bound by the provisions of the deed" and failure "to oversee".
The defendants Town of Simsbury and Heagney have moved to dismiss the First Count. The ground of the motion is that only the Attorney General has the standing to enforce the provisions of a charitable trust; the defendants rely on a line of cases culminating in Herzog Foundation, Inc. v. University of Bridgeport,243 Conn. 1, 6-7 (1997), for the proposition that only the Attorney General has the standing to bring actions to "correct abuses in the administration of a public charity. . . .". Id., at 7. The defendants additionally maintain that the plaintiffs have not asserted a "special interest exception" which might conceivably remove them from the prohibition of the general rule. See, e.g., Steeneck of University ofBridgeport, 235 Conn. 572 (1995).
Under date of March 25, 1998, the plaintiffs filed a request for leave to file a revised complaint and a revised complaint. The first count of the proposed revised complaint recites much the same history over a span of more than five single-spaced pages. The concluding paragraph of the revised count is markedly different from the first complaint, however: it alleges nothing about the violation of any charitable trust, but rather claims damages resulting from the town's alleged participation in deceptive marketing practices. The plaintiffs' memorandum in opposition to the motion to dismiss, which memorandum is dated April 2, 1998, makes no effort to suggest that the plaintiffs do have standing to pursue any cause of action to enforce the terms of the charitable bequest of Amos Eno, but rather argues at some length that the plaintiffs have pleaded a cause of action based on unfair trade practices (§ 42-110a et seq. of the General Statutes) over which the court does have jurisdiction and which the plaintiffs have standing to pursue. At oral argument, counsel for the town and Heagney argued the standing issue; the CT Page 6456 plaintiffs' counsel claimed primarily that the plaintiffs were deceived by various misrepresentations.
In the circumstances, it seems fairly clear that the plaintiffs have abandoned any claim involving the violation of a fiduciary duty regarding the charitable trust and the motion to dismiss that claim
may be granted, as there appears to be no effective objection.[1] This ruling of course is not intended either to validate or to question any other claim or defense.
Beach, J.